**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113451

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leo Garcia,<br><br>Plaintiff,<br><br>vs.<br><br>Gila, LLC d/b/a Municipal Services Bureau,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Leo Garcia (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Gila, LLC d/b/a Municipal Services Bureau (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Leo Garcia is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Gila, LLC d/b/a Municipal Services Bureau, is a Texas Limited Liability Company with a principal place of business in Travis County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated March 14, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Debt was incurred in connection with emergency medical services rendered to Plaintiff by Nassau County, NY – EMS.

18. The Letter sets forth an "Total" of $523.69.

19. The Letter states, "The balance shown here is the amount due based on your creditor's records as of the date of this letter.  Please be aware the balance may change due to payments you made or other adjustments made by your creditor.  Prior to making a payment, you may want to contact us at 1-XXX-XXX-7060 to obtain information related to resolve this obligation."

20. The least sophisticated consumer would likely reasonably interpret "other adjustments made by your creditor" to consist of interest, fees, and/or additional charges.

21. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

22. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

23. The letter fails to indicate the source of the creditor's authority, such as an applicable contractual agreement, to make "adjustments," to the amount of the debt, whether such adjustments consist of the imposition of interest, fees, and/or other charges.

24. If interest is accruing, the Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

25. For instance, the Letter fails to indicate the applicable interest rate.

26. For instance, the Letter fails to indicate the date of accrual of interest.

27. For instance, the Letter fails to indicate the amount of interest during any measurable period.

28. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

29. The Letter fails to state what part of the amount stated is attributable to principal.

30. The Letter fails to state what part of the amount stated is attributable to interest.

31. The Letter fails to state what part of the amount stated is attributable to late fees.

32. The Letter fails to state what part of the amount stated is attributable to other fees.

33. The Letter fails to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

34. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

35. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

36. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

37. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest, fees, or any other charges would be added to the amount of the debt, or whether the amount of the debt was static.

38. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

39. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

40. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

41. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## JURY DEMAND

42. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.    Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b.    Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c.    Plaintiff's costs; all together with

    d.    Such other relief that the Court determines is just and proper.

DATED: March 14, 2018

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

4

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113451

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530